# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DEBBIE D. DANLEY, | No.  46443-8-II |
| Appellant, | |
| v. | |
| CLINTON ROY CALDWELL, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. – Debbie D. Danley appeals the trial court's damage award of $5,000 in her successful action against her former boyfriend Clinton Roy Caldwell for wrongfully exerting control over her personal property.  She argues that the trial court erred by awarding her only $5,000 in damages, the amount of damages she claimed in her original small claims court action, rather than the more than $100,000 in damages she later claimed in the trial court.  Because Danley does not show on this record that the trial court abused its discretion in finding only $5,000 in damages, we affirm.

## FACTS[1]

Danley stored personal property with Caldwell, her former boyfriend.  After Caldwell refused to return her property, Danley filed a claim in small claims court alleging that Caldwell had wrongfully refused to return $5,000 of her personal property.

---

[1] These facts are drawn from the unchallenged findings of fact in the trial court's memorandum opinion and order.  *State v. Alexander*, 125 Wn.2d 717, 723, 888 P.2d 1169 (1995) (unchallenged findings of fact are verities on appeal).

Caldwell filed a counterclaim asserting that Danley had stolen some of his property and owed him several thousand dollars in storage fees. Caldwell's counterclaim resulted in this matter being transferred to the superior court.

After the case was transferred, but before any evidence was presented, Danley filed an amended complaint, an affidavit, and a brief asserting that Caldwell had failed to return more than $100,000 of her property.[2] There is nothing in the record showing that Danley moved to amend her complaint, that the trial court granted a motion to amend the complaint, or that Caldwell consented in writing to an amended complaint.

Following a bench trial,[3] the trial court issued a memorandum opinion and order dismissing Caldwell's counterclaims for lack of evidence.[4] The trial court further found that Danley had proven that Caldwell had wrongly exerted control over and refused to return Danley's property. But the trial court refused to award Danley more than the $5,000 in damages that she originally claimed.

---

[2] Danley filed the amended complaint on August 12, 2013, and filed the affidavit and brief on May 30, 2014. The trial started on June 2, 2014.

[3] The trial transcript is not part of our record.

[4] In his response, Caldwell "objects" to various actions by the superior court. Caldwell has not filed a cross-appeal; accordingly, we do not address these objections.

Although Danley asserted that she had intended to sue Caldwell 20 times in small claims court to recover the full value of her property, the trial court stated in its memorandum opinion and order that Danley's "filings in district court make it clear that she was actually seeking compensation for the very same thing she is seeking compensation for in superior court." Clerk's Papers (CP) at 16. The trial court further stated that this was "the same action" Danley had pursued in small claims court, noting that the case had been transferred to the superior court only because Caldwell had filed a counterclaim and that "Danley's property cannot be worth $95,000 more in superior court than it was worth in district court." CP at 16. The trial court entered a $5,000 judgment against Caldwell. Danley appeals the trial court's refusal to award her more than $5,000 in damages.

## ANALYSIS

The trial court's ruling did not suggest that it limited Danley's award to $5,000 because that was what she had initially pleaded. Instead, it suggests that the trial court concluded that Danley had not proved adequate proof of the additional damages she attempted to claim.

We review a trial court's damages award for abuse of discretion. *Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc.*, 143 Wn. App. 345, 357-58, 177 P.3d 755 (2008). A trial court abuses its discretion when its exercise of discretion is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Doe v. Puget Sound*

*Blood Ctr.*, 117 Wn.2d 772, 778, 819 P.2d 370 (1991) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). We will reverse a damages award only if it is outside the range of relevant evidence, shocks the conscience, or results from passion or prejudice. *Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 850, 792 P.2d 142 (1990).

Based on the record before us,[5] it appears that the only evidence Danley presented in support of her damages claim was her affidavit, which alleged over $100,000 in damages. This was in sharp contrast to Danley's original pleading in small claims court, in which she claimed that the property in question was worth only $5,000. The trial court found that the more than $95,000 discrepancy between the two claims unreasonable, noting that "Ms. Danley's property cannot be worth $95,000 more in superior court than it was worth in district court." CP at 16. In other words, the trial court found her original valuation of $5,000 in her original claim to be more credible, and we do not review credibility determinations on appeal. *State v. Stevenson*, 128 Wn. App. 179, 192 n.11, 114 P.3d 699 (2005). It also rejected Danley's assertion that she had planned to sue Caldwell 20 times in small claims court to recover all of her losses.

The trial court's $5,000 award was well within the range of relevant evidence that the trial court found credible. And this award does not shock the conscience or appear to be the result of

---

[5] Danley, as the appellant, has the burden of providing an adequate record for review. *State v. Bennett*, 168 Wn. App. 197, 207-08 n.9, 275 P.3d 1224 (2012); RAP 9.2(b).

No. 46443-8-II

passion or prejudice. *See Mason*, 114 Wn.2d at 850. Accordingly, Danley fails to show that the trial court abused its discretion and we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, A.C.J.

MAXA, J.